UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| Gina Ayvazian, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>Henry Holt and Company, LLC, a New York Limited Liability Company; St. Martin's Press, LLC, a New York Limited Liability Company; and Macmillan Publishers Inc., a Delaware Corporation<br><br>    Defendant. | CASE NO.  3:13-cv-30005<br><br>**COMPLAINT FOR:**<br>**(1) DIRECT COPYRIGHT INFRINGEMENT;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT** |

Plaintiff Gina Ayvazian ("Plaintiff") complains against Defendant Henry Holt and Company, LLC, Defendant St. Martin's Press, LLC, and Defendant Macmillan Publishers, Inc. (collectively "Defendants") and avers as follows:

## JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. §1338(a), and 17 U.S.C. §101, *et. seq*.

2.  This Court has personal jurisdiction over Defendants because, *inter alia*, (i) Defendants are doing business in this District, and (ii) Plaintiff is informed and believes, and on that basis avers, that a substantial part of the wrongful acts committed by Defendants occurred in interstate commerce in this District.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(a).

## THE PARTIES

4. Plaintiff Gina Ayvazian is an individual residing in Northampton, Massachusetts.

5. Defendant Henry Holt and Company, LLC is a New York limited liability company engaged in the business of publishing books.

6. Defendant St. Martin's Press, LLC is a New York limited liability company engaged in the business of publishing books.

7. Macmillan Publishers, Inc. is a Delaware corporation engaged in the business of publishing books, and is the parent company to both Defendant Henry Holt and Company, LLC and Defendant St. Martin's Press, LLC.

## GENERAL AVERMENTS

8. In or about the Fall of 2000, Plaintiff took a photograph of Kurt Vonnegut standing in front of a store in Northampton, Massachusetts (the "Photo"), with Mr. Vonnegut's permission. A copy of the Photo as printed in the Soft Cover Book (as defined below) is attached hereto as Exhibit A.

9. Plaintiff holds a United States copyright registration for the Photo (Reg. No. VA 1-836-162).

1

2        10.     On or about November 8, 2011, Defendant Henry Holt and Company, LLC published a hardcover book entitled *And So It Goes: Kurt Vonnegut: A Life* (the "Hardcover Book"), including the Photo on page 339 of the Hardcover Book without the permission of, or attribution to, Plaintiff.  The Hardcover Book is available for sale throughout the United States at least via amazon.com and barnesandnoble.com, and in independent bookstores including those in Plaintiff's town of Northampton, Massachusetts, located in this District.

        11.     On or about October 16, 2012, Defendant St. Martin's Press, LLC published the trade paperback version of the Hardcover Book (the "Soft Cover Book"), which also contains the Photo.  The Soft Cover Book is available for sale throughout the United States at least via amazon.com and barnesandnoble.com, and in independent bookstores including those in Plaintiff's town of Northampton, Massachusetts, located in this District.

        12.     Defendants' reproduction and distribution of the Photo is wholly without any license from Plaintiff or anyone authorized to consent thereto on behalf of Plaintiff.

        13.     At the time of the publication of the Soft Cover Book, Defendants knew of Plaintiff's existence, and knew that Plaintiff owned exclusive rights in the Photo.

**FIRST CLAIM FOR RELIEF**

[Direct Copyright Infringement]

14. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 13 herein.

15. The Photo constitutes copyrightable subject matter. Plaintiff is the owner of the exclusive rights in the Photo under the Copyright Act, 17 U.S.C. § 106.

16. Defendants' reproduction and distribution of the Photo is wholly without any license from Plaintiff or anyone authorized to consent thereto on behalf of Plaintiff.

17. By publishing the Photo, Defendants have infringed Plaintiff's exclusive rights under copyright, including the rights of reproduction and distribution in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. At the time of the publication of the Soft Cover Book, Defendants knew of Plaintiff's existence, and knew that Plaintiff owned exclusive rights in the Photo.

19. Defendants' acts of infringement were willful, in disregard of, and with indifference to Plaintiff's rights under copyright.

20. As a direct and proximate result of the foregoing acts and conduct of Defendants, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by

1  this Court from the reproduction and distribution of the Photo, Defendants will
2  continue to infringe Plaintiff's exclusive rights in the Photo.  Plaintiff is entitled to
3  injunctive relief pursuant to 17 U.S.C. § 502(a).

5      21.    As a direct and proximate result of the infringements by Defendants,
6  Plaintiff is entitled to an equitable portion of Defendants' profits from the
7  publication of the Hardcover Book and the Soft Cover Book and for damages in
8  such amount as may be found, or alternatively, for maximum statutory damages of
9  not less than $150,000 for all individual copyright infringements involved in the
10  action with respect to any one work for which any one infringer is liable
11  individually, or for which any two or more infringers are liable jointly and
12  severally, or for such other amount as may be proper pursuant to 17 U.S.C. §
13  504(c).

15      22.    Plaintiff is entitled to her attorneys' fees and full costs pursuant to 17
16  U.S.C. § 505.

18  **SECOND CLAIM FOR RELIEF**
19  [Contributory Copyright Infringement]

21      23.    Plaintiff realleges and incorporates by reference the allegations
22  contained in paragraphs 1 through 22 herein.

24      24.    By enabling, facilitating, and materially contributing to the
25  infringement of the Photo, with actual knowledge of the infringement, Defendants
26  contributed to the direct infringement of the Photo, in violation of Plaintiff's
27  exclusive rights under the Copyright Act, 17 U.S.C. § 106 and 501.

25. At the time of the publication of the Soft Cover Book, Defendants knew of Plaintiff's existence, and knew that Plaintiff owned exclusive rights in the Photo.

26. Defendants' acts of contributory infringement were willful, in disregard of, and with indifference to Plaintiff's exclusive rights.

27. As a direct and proximate result of the foregoing acts and conduct of Defendants, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by this Court from the reproduction and distribution of the Photo, Defendants will continue to infringe Plaintiff's exclusive rights in the Photo. Plaintiff is entitled to injunctive relief pursuant to 17 USC § 502(a).

28. As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to an equitable portion of Defendants' profits from the publication of the Hardcover Book and the Soft Cover Book and for damages in such amount as may be found, or alternatively, for maximum statutory damages of not less than $150,000 for all individual copyright infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

29. Plaintiff is entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF

[Vicarious Copyright Infringement]

30.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 herein.

31.  Defendants have the right and ability to supervise and control the infringing conduct of each other.  Defendants have failed to exercise such supervision and control.

32.  Defendants derive a direct financial benefit from this infringement, including but not limited to, from the sale of the Hardcover Book and the Soft Cover Book.

33.  As a direct and proximate result of the foregoing acts and conduct of Defendants, Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, to the Photo have been infringed.

34.  At the time of the publication of the Soft Cover Book, Defendants knew of Plaintiff's existence, and knew that Plaintiff owned exclusive rights in the Photo.

35.  Defendants' acts of vicarious infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

36.  As a direct and proximate result of the foregoing acts and conduct of Defendants, Plaintiff has sustained and will continue to sustain irreparable injury for which there is no adequate remedy at law.  Unless enjoined and restrained by

this Court from the reproduction and distribution of the Photo, Defendants will continue to infringe Plaintiff's exclusive rights in the Photo. Plaintiff is entitled to injunctive relief pursuant to 17 USC § 502(a).

37. As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to an equitable portion of Defendants' profits from the publication of the Hardcover Book and the Soft Cover Book and for damages in such amount as may be found, or alternatively, for maximum statutory damages of not less than $150,000 for all individual copyright infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

38. Plaintiff is entitled to her attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Pursuant to 17 U.S.C. § 502(a), for a preliminary and permanent injunction that Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, immediately shall cease and refrain from reproducing, distributing or otherwise infringing, or contributing to the infringement in the future, of the Photo,

1  including without limitation, ceasing and refraining from reproducing, or
2  distributing the Hardcover Book and the Soft Cover Book;

4      2.    For an equitable portion of Defendants' profits from the publication of
5  the Hardcover Book and the Soft Cover Book and for damages in such amount as
6  may be found, or alternatively, for maximum statutory damages of not less than
7  $150,000 for all individual copyright infringements involved in the action with
8  respect to any one work for which any one infringer is liable individually, or for
9  which any two or more infringers are liable jointly and severally, or for such other
10 amount as may be proper pursuant to 17 U.S.C. § 504(c).

12     3.    For reasonable attorneys' fees and full costs, pursuant to 17 U.S.C. §
13 505;
14     4.    For prejudgment interest;

16     5.    Such other and further relief as this Court deems just and proper.

18 DATED:    January 9, 2013

By:   /s/ Jeffrey S. Brown, Esq.

Frederick U. Fierst, Esq. (BBO #164840)
Jeffrey S. Brown, Esq. (BBO #558787)
Fierst, Kane & Bloomberg LLP
64 Gothic Street, Suite 4
Northampton, Massachusetts 01060-3042
Telephone: (413) 584-8067
Email: fred@ent-atty.com

Attorneys for Plaintiff Gina Ayvazian